**AFFIRM; and Opinion Filed June 24, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00571-CR

**WINDELL STOKES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 15-50472-422-F**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

Appellant Windell Stokes was indicted for possession of cocaine with intent to deliver. The indictment included one enhancement paragraph listing a previous felony conviction. On appellant's open plea of guilty, the trial court sentenced him to fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, this Court concluded there was no evidence that appellant was aware of the applicable punishment range for the offense to which he pled guilty. We reversed the trial court's judgment and remanded for further proceedings.[1]

On remand, a jury found appellant guilty of the lesser included offense of possession of a controlled substance, cocaine, between one and four grams, and sentenced him to twenty years in

---

[1] *Stokes v. State*, No. 05-16-00986-CR, 2017 WL 2791714 (Tex. App.—Dallas June 28, 2017, no pet.) (mem. op., not designated for publication).

prison. Appellant does not dispute his conviction. He does, however, dispute his punishment. In one issue, he urges that the cumulative effect of prosecutorial misconduct and errant trial court rulings during the punishment phase of his trial led to a final sentence that was contrary to the law and the evidence. We affirm the trial court's judgment.

Appellant argues that the cumulative impact of errors during the punishment phase "rose to the point where they became harmful." He illustrates his argument with six examples of alleged misconduct or error: (1) the State repeatedly referred to a prior arrest for which appellant was not convicted in an attempt to portray him as a drug dealer; (2) the State referred to appellant as a gang member; (3) the trial court admitted an exhibit despite appellant's objection; (4) the State referred to his original fifty-year sentence; (5) the State ignored the trial court's instruction and referred to appellant as a drug dealer during closing argument; and (6) the trial court allowed the State's improper closing argument. In response, the State contends that appellant failed to show or preserve error or harm from error, and the cumulative effect of non-error does not merit reversal.

"The doctrine of cumulative error provides that the cumulative effect of several errors can, in the aggregate, constitute reversible error, even though no single instance of error would." *Holloway v. State*, No. 05-14-01244-CR, 2016 WL 3098297, at *4 (Tex. App.—Dallas May 25, 2016, no pet.) (mem. op., not designated for publication); *see also Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) ("It is conceivable that a number of errors may be found harmful in their cumulative effect."). In a cumulative error analysis, we consider only errors that were preserved for appeal. *Taylor v. State*, No. 05-14-00821-CR, 2016 WL 7439194, at *9 (Tex. App.—Dallas Dec. 27, 2016, pet. ref'd) (mem. op., not designated for publication). The cumulative-error doctrine does not apply unless the complained-of errors have been preserved for appeal and are actually errors. *See Chamberlain*, 998 S.W.2d at 238 ("[W]e are aware of no authority holding that non-errors may in their cumulative effect cause error."). If an appellant fails

to prove any error as to his complaints separately, there is no cumulative harm. *Buntion v. State*, 482 S.W.3d 58, 79 (Tex. Crim. App. 2016).

Appellant first complains that the State attempted to portray him as a drug dealer by repeatedly referring to a prior arrest for which he was not convicted. According to the record, the State introduced and the trial court admitted, without objection, eight exhibits pertaining to appellant's previous juvenile and adult convictions. Witnesses for the defense included appellant's sister and appellant himself. During cross-examination of appellant and his sister, the State elicited testimony regarding appellant's previous arrest record. Appellant and his counsel did not object to this line of questioning. However, on appeal, appellant now complains about the State's references to a prior arrest without conviction. To preserve this complaint for appellate review, appellant was required to present a timely, specific request, objection, or motion to the trial court, and to obtain a ruling. TEX. R. APP. P. 33.1(a). Further, his complaint on appeal must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Because appellant did not object to the State's questions or the exhibits pertaining to his prior arrests and convictions, he failed to preserve his complaint about that evidence.

Second, appellant contends that the State attempted to "inflame the jury's passions" by referring to appellant as a gang member. The record does not support his contention. According to the record, the State asked appellant's sister if appellant was involved with a gang or any gang members. She responded that appellant was never in a gang and to her knowledge, he did not hang around with anyone associated with gangs.

In his third example, appellant urges that the trial court erred by admitting the State's Exhibit 17 without a proper predicate. We examine a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable

–3–

disagreement. *Id*. at 83. We will uphold a trial court's decision to admit evidence when it is reasonably supported by the record and correct under any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

During the State's cross-examination of appellant about his previous manslaughter conviction, the State sought to introduce State's Exhibit 17, a photograph of the deceased. Defense counsel objected based on an improper predicate and asked for a bench conference. It is unclear from the record what defense counsel argued was improper about the predicate supporting State's Exhibit 17. However, when testimony resumed, the State asked appellant if Exhibit 17 was a photograph of Dorian Jackson. Appellant confirmed the identity of the person in the photograph. He also testified that: (i) Exhibit 17 was a photograph of the person he shot, (ii) the person later died, and (iii) appellant pled to a manslaughter charge. The State again offered the exhibit for admission into evidence. The court asked defense counsel if he had any objection, and counsel stated he had no additional objections. Thus, it appears that whatever defense counsel found to be lacking from the predicate supporting State's Exhibit 17 was supplied by the additional identifying testimony by appellant. We conclude that the trial court did not abuse its discretion in admitting State's Exhibit 17.

Appellant next complains that the State referred to the previous punishment in this case to argue that a maximum sentence was not enough. However, according to the record, the State did not refer to the original fifty-year sentence. Instead, appellant himself referenced the previous sentence of fifty years' confinement before his original conviction was reversed on appeal. Appellant made this reference in response to an unrelated question by the State.

State: The extent of these offenses seem to be greater than each one of them you've talked to this jury about.

Appellant: I mean that was a list of misdemeanors, whatever. Whatever, I don't need to say that was part of my past. I don't have to sit up here and say. What I did, I done did, sir. You know, you trying to get me to

–4–

man up to something 'cause you trying to pin a charge on me or something like that because, you know, you upset. Then, you know, that's, that's something else I don't got nothing to do with, you know.

I know from the 50 years that I received in TDC, I know I'm back on bench warrant from the case, I just been found not guilty of a lesser punishment. I've been locked up 2 years, 9 months. All this right here, that's a whole nother part of my life, you know; and I'm not going to run from it or nothin' because it's the person that – you know, it made me better. You know, I'm not even the same man that I was from all that. You know, so I understand the cases. I been through the cases. I lived the cases. But you trying to act like that I'm the same person that I am now just because I done went. Yeah, I made mistakes. I made the wrong choices. I caught the drug cases, the ones that I pled guilty for. The one in April, it ain't nothing even been ran from. It's been 3 years. It's been over 3 years. Like I said, I received the 50 years you all gave me, the 50 years in the case.

At this point, defense counsel objected—without stating a basis for his objection—and asked for a bench conference. We are unable to ascertain the basis for counsel's objection from the record, and the record does not reflect a ruling on counsel's objection by the trial court. However, the record establishes that counsel did not object to the State's question; the record also establishes that counsel did not object the first time appellant mentioned the previous fifty-year sentence from the overturned conviction.

The record does not establish that the State referred to the previous punishment. Further, the record does not establish the basis of defense counsel's objection. If, during the bench conference, counsel objected to his own client's discussion of the previous sentence, his objection was untimely, and he failed to object each time his client referred to the fifty-year sentence. Regardless, we conclude that appellant failed to preserve this complaint for appeal. *See* TEX. R. APP. P. 33.1(a) (To preserve a complaint for appellate review, a party must present a timely objection to the trial court and obtain a ruling.).

Appellant's fifth and sixth allegations of error pertain to the State's closing argument. Appellant complains that the prosecutor continuously referred to appellant as a drug dealer during

closing argument. Appellant contends that even though "the trial court sustained Defense Counsel's objection on the issue," the prosecutor persisted in referring to appellant as a drug dealer. The record reflects that during closing argument, the prosecutor referred to appellant as a drug dealer. However, it is not clear that defense counsel objected—or the trial court sustained—an objection to the prosecutor's reference to appellant as a drug dealer.

Defense counsel did not immediately object when the prosecutor first referred to appellant as a drug dealer. Instead, counsel objected when the prosecutor started talking about a telephone call reporting that appellant was dealing at a specific location. Counsel objected that the prosecutor was arguing facts that were outside the record. Counsel then expanded his objection to complain that the prosecutor was "putting his personal opinion into closing argument," and "getting into stuff that was never admitted." When the trial court asked counsel to be more specific as to what argument he was objecting to, counsel asked for a bench conference. At the conclusion of the bench conference, the trial court sustained defense counsel's objection. However, there is nothing in the record to establish that the trial court sustained an objection to the prosecutor's reference to appellant as a drug dealer.

Even if the trial court sustained an objection to the prosecutor's reference to appellant as a drug dealer, appellant failed to preserve error on this complaint because he failed to object each time the reference was made. Further, appellant did not request an instruction that the jury disregard the reference, and he did not request a mistrial. "To preserve error regarding improper jury argument for appellate review, a defendant must contemporaneously object to the statement, request an instruction that the jury disregard the statement if the objection is sustained, and move for a mistrial if an instruction to disregard is given." *Robinson v. State*, No. 05-16-00449-CR, 2017 WL 2264823, at *2 (Tex. App.—Dallas May 24, 2017, pet. ref'd) (mem. op., not designated for publication) (citing *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993)).

Appellant's sixth complaint involves a subsequent exchange during the State's closing argument. The prosecutor referred to appellant as "someone who has been a lifelong drug dealer" and began to compare the facts in this case to a previous arrest where appellant was in possession of crack cocaine, baggies, and a large amount of cash. Defense counsel objected, renewing his objection to improper argument and complaining that the prosecutor was talking about things that were not facts in this case. The trial court responded: "Let me just admonish the jury. You have heard the evidence. You will recall the evidence. What the attorneys say is not evidence. So you will recall the evidence you heard from the witness stand." Although the trial court admonished the jury, the trial court did not rule on defense counsel's objection.

"To preserve error regarding improper jury argument for appellate review, a defendant must object and pursue his objection to an adverse ruling." *See Canada v. State*, 547 S.W.3d 4, 22 (Tex. App.—Austin 2017, no pet.). In this case, defense counsel failed to pursue his objection to an adverse ruling. In addition, defense counsel failed to request an instruction to the jury to disregard, or a mistrial. *See Robinson*, 2017 WL 2264823, at *2. Therefore, appellant failed to preserve error regarding his objection to the State's closing argument to the jury.

Having considered all of appellant's allegations of misconduct or error, we conclude that appellant failed to prove error concerning each of his complaints separately, and so we find no cumulative harm. *See Buntion*, 482 S.W.3d at 79. Accordingly, we conclude that appellant's cumulative-error argument lacks merit. We overrule his sole issue and affirm the trial court's judgment.

/Bill Pedersen, III/
_____
BILL PEDERSEN, III

Do Not Publish                    JUSTICE
TEX. R. APP. P. 47

180571F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

WINDELL STOKES, Appellant

No. 05-18-00571-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 15-50472-422-F.
Opinion delivered by Justice Pedersen, III.
Justices Whitehill and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 24th day of June, 2019.